IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN A. WALTERS,               )
                                       )
           Plaintiff,        )
                                       )
                                       )     Civil Action No. 06-1355
          v.                 )
                                       )
                                       )
WASHINGTON COUNTY;       )
WASHINGTON COUNTY COURT OF   )
COMMON PLEAS; HONORABLE    )
DEBBIE O'DELL SENECA;      )
INDIVIDUALLY AND IN HER     )
CAPACITY AS PRESIDENT JUDGE   )
OF THE WASHINGTON COUNTY    )
COURT OF COMMON PLEAS;     )
WASHINGTON COUNTY DOMESTIC   )
RELATIONS OFFICE; CATHI KRESH,  )
INDIVIDUALLY AND IN HER     )
CAPACITY AS DIRECTOR OF     )
WASHINGTON COUNTY DOMESTIC   )
RELATIONS; JEANIE RYDZAK,    )
INDIVIDUALLY AND IN HER     )
CAPACITY AS CLERICAL       )
SUPERVISOR, IN WASHINGTON    )
COUNTY DOMESTIC RELATIONS    )
OFFICE; AND TOM JESS        )
INDIVIDUALLY AND IN HIS     )
CAPACITY AS DEPUTY COURT    )
ADMINISTRATOR OF WASHINGTON  )
COUNTY,                   )
                                       )
           Defendants.     )

## **MEMORANDUM OPINION**

On March 23, 2009, the court granted two summary judgment motions in favor of

defendants Washington County, Cathi Kresh, Jeanie Rydzak, Tom Jess, the Honorable Debbie

O'Dell Seneca, Washington County Court of Common Pleas, and Washington County Domestic Relations Office (collectively referred to as "defendants"), and against plaintiff Karen A. Walters ("plaintiff").   On April 20, 2009, plaintiff filed a motion for reconsideration (Doc. No. 75), requesting that the court reconsider its decision granting the summary judgment motions.   Two days later, on April 22, 2009, plaintiff filed a notice of appeal with the Court of Appeals for the Third Circuit.   (Doc. No. 77.)   On July 30, 2009, the Court of Appeals for the Third Circuit granted a motion to remand appeal to the district court so that the district court could rule on the motion for reconsideration.   (Doc. No. 81.)   After remand, this court granted the motion for reconsideration, and requested the parties submit additional briefing.   (Doc. No. 82.)   The court now reconsiders its decision on the summary judgment motions, in light of additional evidence that was not presented to the court prior to its decision.   Taking into consideration this evidence, plaintiff's supplemental brief in opposition to defendants' motions for summary judgment (Doc. No. 83), defendants' reply brief to plaintiff's supplemental brief (Doc. No. 85), plaintiff's supplemental reply (Doc. No. 84), and the other filings of record, the court finds that plaintiff failed to adduce sufficient evidence of a property interest in her position, and will grant summary judgment in favor of defendants and against plaintiff with respect to her procedural due process claims brought pursuant to 42 U.S.C. § 1983.

**I. Previous Findings in the March 23, 2009 Opinion**

In the March 23, 2009 memorandum opinion, the court set forth its reasons for granting the summary judgment motions with respect to plaintiff's § 1983 claim of deprivation of due process.   (Mem. Op. (Doc. No. 73).)   The court examined plaintiff's collective bargaining agreement, which was labeled Exhibit B, in order to determine whether plaintiff adduced

sufficient evidence to establish a property interest in her employment; the court noted that page 7 and page 37 of Exhibit B were not included.   (Id. at 37.)   Based upon the record before it, the court held that plaintiff did not adduce sufficient evidence of a property interest in her position to create a genuine issue of material fact.   (Id. at 38.)   The missing pages are now before the court, which plaintiff asserts implicate a just cause provision.   In the alternative, plaintiff argues there is a practice by Washington County requiring just cause for termination.   Defendants argue there is no just cause provision in the agreement and that the practice described does not create a property interest in plaintiff's position.   Upon review of relevant Pennsylvania law, including the Pennsylvania constitutional separation of powers among the judicial, legislative, and executive branches of government, the court must conclude that even assuming there is a just cause provision in the collective bargaining agreement between Washington County and the union, a plaintiff's failure to adduce evidence that the other alleged joint employer, the Washington County Court of Common Pleas, affirmatively created the just cause provision requires that summary judgment be entered in defendants' favor with respect to the § 1983 procedural due process claim.

## II. Discussion

"'To have a property interest in a job . . . a person must have more than a unilateral expectation of employment; rather, she must have a legitimate entitlement to such continued employment.'"   Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (quoting Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005)).   State law governs whether a property interest exists.   See Curry v. Pa. Turnpike Com'n, 843 F. Supp. 988, 990 (E.D. Pa. 1994).   Plaintiff alleges that a just cause provision in the collective bargaining agreement between Washington

County and the local union, Service Employees International Union, AFL-CIO Local 585, granted her a protected property interest in her employment as a clerk-typist II.

In Pennsylvania, a public employer can only create a property interest in employment if there is a grant of legislative authority to do so.   See Scott v. Phila. Parking Auth., 166 A.2d 278 (Pa. 1961) (holding that the Philadelphia Parking Authority could not enter into a three-year employment contract, because the legislature did not grant it the power to confer tenure); Bolduc v. Bd. of Supervisors, 618 A.2d 1188, 1190 (Pa. Commw. Ct. 1992).   The Public Employee Relations Act ("PERA"), 43 PA. CONS. STAT. §§ 1101.101 et seq., authorizes and regulates collective bargaining between public employers and employees.   The PERA authorizes public employers in Pennsylvania to enter into collective bargaining agreements containing for cause provisions and other limitations on the ability to dismiss summarily employees.   See Bd. of Educ. v. Phila. Fed'n of Teachers, 346 A.2d 35, 38-41 (Pa. 1975).   Plaintiff argues that the collective bargaining agreement in this case restricted her joint employers' ability to terminate her employment.

Plaintiff focuses upon several provisions in the collective bargaining agreement. Plaintiff also relies upon deposition testimony of Pete Lorenzo, Washington County's union steward, and an affidavit of Dennis Walters, her husband and former Washington County employee, in arguing that the agreement afforded just cause protection to plaintiff.   Even assuming that the collective bargaining agreement included a just cause provision and crediting the testimony of Pete Lorenzo and Dennis Walters, the court must conclude that under Pennsylvania law plaintiff was an at will employee.

The court in the March 23, 2009 memorandum opinion explained its reason for determining that a reasonable jury could find that Washington County was a joint employer of

plaintiff along with the Washington County Court of Common Pleas.   (Mem. Op. at 36-37.)
Washington County, however, is not the sole employer.   This court must consider the
implications of the other joint employer being the Washington County Court of Common Pleas.

Plaintiff's claim at issue is based upon § 1983, and, in analyzing whether plaintiff has a
property interest in continued employment, the court must turn to state law.   Under Pennsylvania
law, a collective bargaining agreement entered into between a county and union cannot create an
entitlement to continued employment for employees of the judicial branch, even if the employees
are jointly employed by both the county and that county's local court.

Two Pennsylvania Supreme Court decisions which were issued prior to the latest
amendments to the County Code, 16 PA. CONS. STAT. §§ 101 et seq. – Sweet v. Pennsylvania
Labor Relations Board, 322 A.2d 362 (Pa. 1974), and Costigan v. Philadelphia Finance
Department Employees Local 696, 341 A.2d 456 (Pa. 1975) – provide helpful background.

In Sweet, the Pennsylvania Supreme Court considered whether a court of common pleas
or a county was the employer of court-related employees.   In that case, the Service Employees
International Union, Local 585 wanted to enter into a collective bargaining agreement on behalf
of "all court-related employees of Washington County."   Sweet, 322 A.2d at 363.   The union
petitioned the Pennsylvania Labor Relations Board for representation of those employees; the
petition alleged that the public employer was Washington County acting through the county
commissioners.   The board granted the petition.   The judges of the Washington County Court of
Common Pleas claimed to be the public employer, but they were not sent a copy of the petition.
After the commencement of negotiations, the judges filed a petition to intervene, which the
Pennsylvania Labor Relations Board denied as being not timely filed.   The judges filed a lawsuit
over the matter.   Id.   The Pennsylvania Supreme Court held that the judges of the Washington

County Court of Common Pleas were "at least [a]n employer of [s]ome of the employes included in the bargaining unit comprised of court-related employes."   Id. at 365.   It noted that relevant considerations included whether a party has the right to hire the employee, the power to discharge the employee, the power to direct the tasks done and the manner in which those tasks are done, and the duty to compensate the employee.   Id.

In Costigan, a number of employees of the Register of Wills authorized a union as their exclusive bargaining representative.   Shortly afterward, Robert Costigan ("Costigan") was elected as the new Register of Wills.   Costigan, 341 A.2d at 457-58.   Before Costigan took office, however, the incumbent register entered into a collective bargaining agreement with the union that was effective for eighteen months; one term of the collective bargaining agreement provided "employees shall not be disciplined or discharged except for just cause."   Id. at 459.   The day Costigan took office, he terminated a number of the employees that were in the bargaining unit.   The union sought arbitration under the agreement, and Costigan filed an action in equity seeking to enjoin arbitration.   The Pennsylvania Supreme Court, after citing Sweet, found that the federal employment law factors for determining employer status that originated with the NLRA were "highly relevant" for determining employer status under the PERA.   Id. at 460 n.7.   The court concluded that both the Register of Wills and the City of Philadelphia were joint employers.   Because one of the employers, the City of Philadelphia, was not a party to the collective bargaining agreement, the supreme court held that the agreement was void under the PERA.   Id. at 461-62.

Shortly after Sweet and Costigan were decided, the County Code was amended.   The County Code currently provides:

> The salaries and compensation of county officers shall be as now

> or hereafter fixed by law. The salaries and compensation of all
> appointed officers and employes who are paid from the county
> treasury shall be fixed by the salary board created by this act for
> such purposes: Provided, however, That with respect to
> representation proceedings before the Pennsylvania Labor
> Relations Board or collective bargaining negotiations involving
> any or all employes paid from the county treasury, *the board of
> county commissioners shall have the sole power and responsibility
> to represent judges of the court of common pleas, the county and
> all elected or appointed county officers having any employment
> powers over the affected employes. The exercise of such
> responsibilities by the county commissioners shall in no way affect
> the hiring, discharging and supervising rights and obligations with
> respect to such employes as may be vested in the judges or other
> county officers.*

16 PA. CONS. STAT. § 1620 (emphasis added).   This change allowed the county pursuant to the

PERA to enter into collective bargaining agreements on behalf of employees jointly employed by

the county and the local court, without the involvement of the local court.   This change had

several benefits, including the promotion of fiscal responsibility and the advancement of more

efficient negotiations since only one employer party was required to be present at the bargaining

table.   The change prohibited the county, however, from entering agreements that limited the

court's power to hire, discharge, or discipline employees.   This prohibition ensured that other

branches of government would not interfere with the fundamental powers of the judiciary branch.

See Ellenbogen v. County of Allegheny, 388 A.2d 730, 734 (Pa. 1978).

In Eshelman v. Commissioners of the County of Berks, 436 A.2d 710 (Pa. Commw. Ct.

1981), the commissioners of Berks County unsuccessfully attempted to negotiate a collective

bargaining agreement with the American Federation of State, County, and Municipal Employees,

District Council 88, AFL-CIO, which was the bargaining representative of court-appointed

employees of the Berks County Court of Common Pleas.   The two parties entered into binding

arbitration pursuant to the PERA.   After an arbitration hearing, the arbitrators entered an award

that included various provisions with respect to the discharge, demotion, and suspension of employees, among other provisions.   The president judge of the Berks County Court of Common Pleas sued to set aside the arbitration award, arguing that the "provisions of the award violate the mandate of [the Pennsylvania] state Constitution for an independent judiciary, in that they encroach upon the power of judges to hire, supervise, and discharge court-appointed employees."   Id. at 712.   The court agreed with the president judge, holding that the PERA does not grant counties the power to enter into collective bargaining agreements that infringe upon the judiciary's authority to discharge court personnel:

> The Constitution of Pennsylvania establishes three separate, equal, and independent branches of government: the legislature; the executive; and the judiciary. Each branch of our state government is clothed with certain exclusive rights and powers. The courts of this Commonwealth under our Constitution have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice. Sweet v. Pennsylvania Labor Relations Board, 457 Pa. 456, 322 A.2d 362 (1974). The power to appoint necessary attendants upon the court is inherent in the court to enable it to perform properly the duties delegated to it by the Constitution, and it cannot be doubted that judicial power includes the authority to select person [sic] whose services may be required in judicial proceedings or who may be required to act as assistants of the judges in the performance of their judicial functions. Id.

> Because the power to select judicial assistants is an inherent corollary of the judicial power itself, the power to supervise or discharge such personnel flows essentially from the same source. Beckert v. American Federation of State, County and Municipal Employees, 56 Pa.Commwlth. 572, 425 A.2d 859 (1981). That power may not, consistent with the constitutional doctrine of separation of powers, be policed, encroached upon, or diminished by another branch of government. Id. While [the PERA] provides for collective bargaining for the resolution of matters involving wages and other financial terms of employment, the collective bargaining process must not infringe upon the judges' authority to select, discharge, and supervise court personnel. Commonwealth ex rel Bradley v. Pennsylvania Labor Relations Board, 479 Pa. 440,

8

388 A.2d 736 (1978), <u>Beckert</u>, <u>supra</u>.

<u>Id.</u>

In <u>Bendorf v. McCormick</u>, 674 F. Supp. 15 (W.D. Pa. 1987), the plaintiff, a secretary of a district magistrate in Westmoreland County, Pennsylvania, was terminated by the president judge of the Westmoreland County Court of Common Pleas.   During her period of employment, she was a member of Service Employees International Union, Local 585.   The union entered into a collective bargaining agreement with the county, and the plaintiff was among those employees covered by the agreement.   The agreement included a provision setting forth a "just cause" standard for discharge.   <u>Id.</u> at 15-16.   The plaintiff sued the president judge and three county commissioners, alleging she was terminated without a hearing and arguing that the just cause provision created a property interest in her position.   The defendants responded that "this provision was never intended to apply to court-appointed personnel, such as plaintiff, but even if it did apply, it was a nullity due to limitations on legislative authority imposed by the Pennsylvania Constitution."   <u>Id.</u> at 16.   The court quoted <u>Eshelman</u> and held that the plaintiff did not have a property interest in her employment.   <u>Id.</u>   The plaintiff argued that because the judges did not object to the provisions of the collective bargaining agreement, they "tacitly agreed to the just cause standard."   <u>Id.</u> at 16-17.   The court noted that the judiciary can create a property interest in continued employment, but it rejected the plaintiff's argument, stating "the county court has done nothing to affirmatively create a property interest in employment.   The critical language was not the product of the court, but of the negotiations between the union and the county's legislative branch."   <u>Id.</u> at 17.

This case is similar to <u>Bendorf</u>.[1]   Plaintiff was employed by the domestic relations section of the Washington County Court of Common Pleas.   She was a member of Service Employees International Union, AFL-CIO Local 585.   The union entered a collective bargaining agreement with Washington County; even if that agreement contained a provision conferring a property interest in continued employment to union members, such a provision cannot extend to court employees.   The court must affirmatively create the property interest such as by entering into a separate agreement with its employees providing a just cause provision.   Here, plaintiff did not adduce evidence that the Washington County Court of Common Pleas entered into a separate agreement or otherwise affirmatively created the property interest that afforded her the right to continued employment.   Under those circumstances, summary judgment must be granted in favor of defendants with respect to plaintiff's § 1983 procedural due process claims.

The court reaffirms its previous order entered on March 23, 2009 with respect to defendants' motions for summary judgment.   Defendants' motions for summary judgment are granted with respect to all federal claims.   It is further ordered that the court declines to exercise supplementary jurisdiction over the state law claims in this action, and those state law claims are dismissed without prejudice to the plaintiff's right to file the state law claims in state court.   The

---

[1] In this court's March 23, 2009 memorandum opinion, the court discussed <u>Graves v. Lowery</u>, 117 F.3d 723 (3d Cir. 1997), in determining Washington County's employer status for purposes of plaintiff's ADEA claim.   In <u>Graves</u>, several clerks working for a judge of the Dauphin County Court of Common Pleas sued Dauphin County under Title VII.   The district court dismissed the claims against the county, based upon Pennsylvania case law reaching conclusions similar to the holdings in <u>Eshelman</u> and <u>Bendorf</u>.   <u>Graves</u>, 117 F.3d at 723-27.   The Court of Appeals for the Third Circuit took issue with the district court's total reliance upon Pennsylvania law in determining under Title VII the employer status of Dauphin County.   The court of appeals stated "'a plaintiff's status as an employee *under Title VII* can be determined only upon careful analysis of the myriad facts surrounding the employment relationship in question.'"   <u>Id.</u> at 729 (quoting <u>Miller v. Advanced Studies</u>, 635 F. Supp. 1196 (N.D. Ill. 1986)) (emphasis added).   The court of appeals reversed the district court.   The district court "refer[red] solely to the . . . dictates of Pennsylvania law," but did not take into account the other factors surrounding the employment relationship that are relevant in determining a plaintiff's status as an employee under Title VII.   <u>Graves</u>, 117 F.3d at 729.   Pennsylvania law was one of several factors the court should have considered.   <u>Id.</u>   Here, in the context of § 1983, the court looks entirely to state law to determine whether plaintiff has a property interest in her position.   Under Pennsylvania law a county on its own cannot bargain for a just cause provision on behalf of court-related

case shall remain closed.

Dated:   February 12, 2010

                                                     By the court:

                                                     /s/ Joy Flowers Conti
                                                     Joy Flowers Conti
                                                     United States District Judge

employees.